UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY HAYES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-0504** |
| **MARLIN GUSMAN, ORLEANS PARISH CRIMINAL SHERIFF** | **SECTION "I" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The plaintiff, Corey Hayes ("Hayes"), is a prisoner incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He filed this *pro se* and *in forma pauperis* complaint against Orleans Parish Criminal Sheriff Marlin Gusman seeking monetary damages for events arising during his confinement in Templeman Jail within the Orleans Parish Prison system ("OPP"). He specifically complains about the alleged untimely evacuation, conditions of confinement, and loss of his personal property as a result of Hurricane Katrina.

The plaintiff alleges that he was housed in the Medical Observation Unit in the Templeman Jail because of chronic and serious medical issues. He claims that, on August 30, 2005, he and other inmates were hastily and randomly evacuated from the jail in the wake of Hurricane Katrina.

Hayes claims that the evacuation came three days after the Mayor of New Orleans called for a mandatory evacuation of the city. Because of the storm, he remained in the prison for two days without food or water. He claims that he had to wade through contaminated water which rose into the prison as a result of the storm.

Hayes complains Sheriff Gusman was solely responsible for the wanton and negligent failure to timely evacuate the inmates from the prison. He also claims that the evacuation by boat was done without regard to the inmates' medical considerations or their medical records.

He claims that, consequently, Sheriff Gusman's actions or inactions violated the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment and constituted deliberate indifference to his serious medical needs. He seeks monetary damages as a result of these conditions.

## II.   Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). A claim lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

Hayes complains that the evacuation process utilized during Hurricane Katrina was not timely and was negligently performed, causing him to suffer without food and water for two days. He also alleges that the evacuation was done without regard for his medical needs. He therefore contends that the manner and timing of the evacuation constitutes cruel and unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent

that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Hayes does not allege that Sheriff Gusman was personally involved in the acts about which he complains or in the evacuation process itself. He has not alleged that Sheriff Gusman was personally involved in the denial of food or alleged disregard for his medical needs before or during the evacuation. His claims against the Sheriff are in this regard based on a meritless legal theory.

Furthermore, to the extent Hayes claims that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Additionally, allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence deprivation of

4

religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Hayes has made no such showing of an intentional indifference by Sheriff Gusman.

In addition, Hayes has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs, unless he demonstrates that the official

5

acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633. Hayes has not done so.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). For these reasons, a short term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

Hayes has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting from Hurricane Katrina, the largest natural disaster that the United States has experienced in its history. Hayes recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit not in accordance with Hayes's preferred timing.

Without a showing of a deliberate indifference, Hayes's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

**IV.   Recommendation**

It is therefore **RECOMMENDED** that the plaintiff Corey Hayes's § 1983 claims against the defendant, Sheriff Marlin Gusman, be **DISMISSED WITH PREJUDICE** as frivolous and

otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_28th\_\_\_ day of _____April_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**